# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

        Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC,

        Defendant(s).

Case No. 2:16-cv-02726-RFB-NJK

ORDER

(Docket No. 50)

Pending before the Court is Plaintiff's motion for protective order from a deposition set for September 19, 2017. Docket No. 50. Defendant SFR filed a response in opposition. Docket No. 52. No reply was filed.

The instant motion arises out of a scheduling conflict for a Rule 30(b)(6) deposition. As an initial matter, the Court notes the delay in Plaintiff's filing of the pending motion. On August 15, 2017, Plaintiff was served with a Rule 30(b)(6) notice of deposition to be held on September 19, 2017. *See* Docket No. 50 at 3. Discovery is set to close in this case on September 19, 2017. Docket No. 40. It is unclear why the pending motion was filed only a few days before the deposition was scheduled to commence given the month's notice that was provided. *See* Docket No. 50 (notice of electronic filing, showing the motion was filed in the afternoon of September 14, 2017).[1] The parties are cautioned that

---

[1] Such delay does not appear to be isolated to Plaintiff. *See* Docket No. 49 at 2-3 (SFR's motion for protective order filed three weeks after the notice of deposition was served and the same day that the deposition was scheduled to occur).

such delay in the future may, standing alone, result in the denial of their discovery motions. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015); *see also Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (overruling objections to magistrate judge order finding a motion to quash a subpoena for deposition was untimely when three-weeks' notice was provided but the motion was filed only three days before the deposition); *In re Hanford Nuclear Reservation Litig.*, 2006 WL 543879, *1 (E.D. Wash. Feb. 22, 2006) (denying as untimely motion for protective order filed two days before scheduled deposition despite roughly three weeks' notice).[2]

Moreover, the Court agrees with SFR that the particular scheduling conflict giving rise to the motion for protective order is in part of Plaintiff's own making. As Plaintiff repeats in the instant motion, "[t]his is one of hundreds of quiet-title actions regarding a homeowners' association sale." Docket No. 50 at 2. Of course, choosing to undertake mass litigation does not excuse parties from complying with the applicable rules and meeting court-ordered deadlines. In such circumstances, it is incumbent on the parties to properly staff their cases by obtaining a sufficient number of attorneys to ameliorate scheduling difficulties so that deadlines can be met. Similarly, to the extent the decision to undertake mass litigation may create scheduling conflicts for Rule 30(b)(6) deponents, the parties must obtain a sufficient number of potential deponents.[3] To that end, the Court reminds Plaintiff that a Rule 30(b)(6) deponent need not have personal knowledge of the underlying facts. *See, e.g.*, *Great American Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). In short, when parties choose to undertake mass litigation, they must make the proper preparations for doing so. While Plaintiff no doubt may prefer a particular attorney defend the instant deposition and particular witness appear as the deponent, it fails to explain why it did not obtain sufficient numbers of attorneys and potential deponents given the obvious potential for scheduling conflicts created by the decision to pursue hundreds of cases

---

[2] On a similar note, Plaintiff seeks *de facto* emergency relief through the instant motion, *see, e.g.*, Docket No. 50 at 4-5 (seeking order prior to deposition to avoid potential sanctions for non-appearance), without having complied with the applicable procedural and substantive requirements. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1141-43. The Court also cautions the parties that all future requests for expedited relief must be filed in accordance with the applicable rules.

[3] The parties should also confer on whether alternatives exist to streamline the Rule 30(b)(6) deposition process, such as participating in consolidated depositions.

simultaneously. *See, e.g.*, Docket No. 39 at 4 (parties' discovery plan noting potential "scheduling and workload difficulties for the parties and their Rule 30(b)(6) deponents").[4]

At the end of the day, however, discovery will not be completed in this case by the discovery cutoff regardless of the decision on the pending motion for protective order. In particular, SFR filed its own motion for protective order for its Rule 30(b)(6) deposition on September 11, 2017, and the parties vacated that deposition pending resolution of the motion. *See* Docket No. 49 at 2-3. Hence, that Rule 30(b)(6) deposition will not occur by the discovery cutoff of tomorrow, September 19, 2017. In such circumstances, and as a one-time courtesy to Plaintiff, the Court will **GRANT** Plaintiff's motion for protective order, **ORDER** that Plaintiff's Rule 30(b)(6) deposition shall occur within 30 days, and **EXTEND** deadlines as follows:

- Discovery cutoff: October 19, 2017;[5]
- Dispositive motions: November 17, 2017;
- Joint proposed pretrial order: December 18, 2017.

IT IS SO ORDERED.

DATED: September 18, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] This shortcoming is particularly puzzling given that the Court denied the parties' request for an extended discovery period based on their assertions that their mass litigation has given rise to such scheduling and workload difficulties. *See* Docket No. 40 at 1.

[5] The extended discovery period is only for the parties to conduct the two Rule 30(b)(6) depositions.