DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
E-Mail: diana@kgelegal.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-Mail: jackie@kgelegal.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-Mail: karen@kgelegal.com
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139-5974
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorney for Defendant,
SFR Investments Pool 1, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STEARNS MORTGAGE FUNDING, TRUST 2007-AR5, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR5,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability corporation; SILVERSTONE RANCH COMMUNITY ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants. | Case No.: 2:16-cv-02726-RFB-NJK<br><br>**MOTION TO STAY CASE** |

SFR Investments Pool 1, LLC ("SFR") hereby moves to stay this matter.

### MEMORANDUM OF POINTS AND AUTHORITIES

On August 12, 2016, a divided Ninth Circuit panel issued its decision in Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154, 1159-60 (9th Cir. 2016), holding that Nevada Revised Statutes Chapter 116's Association non-judicial foreclosure scheme, as it existed before amendment in 2015, violates the Due Process Clause and is facially

- 1 -

unconstitutional. The Bourne Valley majority opinion does not address that the Supreme Court of Nevada construed NRS 116 to require notice to the mortgage lenders. See SFR Investments Pool 1, LLC v. U.S. Bank, NA., 334 P.3d 408, 417-18 (Nev. 2014) (en banc). Even the dissenting justices in SFR agreed this was the proper interpretation of Nevada's statutory scheme. See id. at 422. Further, the Supreme Court of Nevada has already concluded that NRS 116 does not offend due process. Id. at 418. The Court of Appeals issued its mandate in Bourne Valley on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

On April 26, 2017, this Court certified a question regarding NRS 116's notice requirement to the Nevada Supreme Court. See The Bank of New York Mellon v. Star Hill Homeowners Association, et al., Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41]. And this question has been accepted by the Nevada Supreme Court. See SFR Investments Pool 1, LLC v. The Bank of New York Mellon, Nevada Supreme Court Case No. 72931 (Jun. 13, 2017)(Order Accepting Certified Question). Briefing is currently in process. Given the potential impact the ultimate outcome this certified question may have on the issues in this litigation, a temporary stay of litigation in this matter is appropriate.

## I. LEGAL ARGUMENT

### A. Background

This is a dispute over the effect of a non-judicial foreclosure sale of a home conducted by Silverstone Ranch Community Association ("Association"). Specifically, the home's prior owner failed to pay Association assessments, the Bank failed to preserve its deed of trust by not paying the Association lien before the foreclosure sale, and a bona fide purchaser, SFR, bought the property. Subsequently, litigation ensued.

However, despite the fact Bourne Valley has run its course on appeal, good cause exists to continue the stay. On April 26, 2017, a Certified Question was presented by your Honor to the Nevada Supreme Court regarding NRS 116's notice requirement. See The Bank of New York Mellon v. Star Hill Homeowners Association, et al., Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41]. Specifically, the Certified Question presented is as follows: "Whether NRS §

116.31168(1)'s incorporation of NRS § 107.090 requires homeowner's association to provide notices of default to banks even when a bank does not request notice?" On June 13, 2017, the Nevada Supreme Court issued an Order accepting the Certified Question. See SFR v. The Bank of New York Mellon, Nevada Supreme Court Case No. 72931 (Jun. 13, 2017)(Order Accepting Certified Question). Briefing in that matter is currently in progress.

An affirmative answer to this Certified Question will mean that NRS 116.31168 fully incorporates NRS 107.090, and mandates notice to junior lienholders of record such as the Bank. This, in turn, will establish that NRS Chapter 116's notice provisions are constitutional based on a ruling from Nevada's highest court, and will wholly supersede Bourne Valley. As noted in the order certifying, "'It is solely within the province of the state courts to authoritatively construe state legislation." Star Hill Homeowners Association, No. 2:16-cv-02561 [ECF 41] at p.6. (quoting Cal. Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001)). "[I]f the state court disapproves of the interpretation given by the federal court, then the federal courts must follow the interpretation by the state court. Id., citing Huddleston v. Dwyer, 322 U.S. 232, 236 (1944); Owen v. United States, 713 F.2d 1461, 1464 (9th Cir.1983) (a federal court's construction of state law is "only binding in the absence of any subsequent indication from the [state appellate] courts that our interpretation was incorrect.")).'' "[A] **state supreme court can overrule [the 9th Circuit] on a question of state law**," Henderson v. Pfizer, Inc., 285 F. App'x 370, 373 (9th Cir. 2008) (emphasis added), and "we are required to follow intervening decisions of the [Nevada] Supreme Court that interpret state law in a way that contradicts our earlier interpretation of that law." Bonilla v. Adams, 423 F. App'x 738, 740 (9th Cir. 2011).

If the stay is not entered into in this case, the parties will be required to brief, and the Court will have to determine issues, relating to the impact of the Bourne Valley decision. However, in the likely event the Nevada Supreme Court interpretation of NRS 116 is different and supersedes the Ninth Circuit interpretation of NRS 116.31168, this briefing will have to be completely redone and would essentially require a restart in handling these issues. A stay of this case would conserve not only the resources of the party but of this Court.

…

### B. Staying the Litigation at This Juncture is Beneficial to All Parties Involved and Would Promote the Efficient use of Judicial Resources.

As this Court has previously found, relying on U.S. Supreme Court precedent, a district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North American Co., 299 U.S. 248, 254–55 (1936). When determining whether a stay is appropriate pending the resolution of another case, the district court must consider: (1) the possible damage that may result from a stay, (2) any hardship or inequity that a party may suffer if required to go forward, (3) and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that a stay will engender. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted). Considering these factors in the context of this case, SFR requests that this Honorable Court stay the instant case.

#### 1. Damage From Stay

Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could render Bourne Valley moot by the Nevada Supreme Court's answer to the certified question. This is particularly true in this case because discovery is closed, and dispositive motions are the only remaining item due. The parties will be able to avoid the cost and expense of briefing summary judgment motions in light of what is unsettled law. Moreover, the Court will be relieved of expending further time and effort until the conflict between the Circuit and the Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein.

#### 2. Hardship or Inequity

There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for both parties to have finality regarding Nevada's interpretation of NRS 116.31168. Resolving the claims or issues in the case before the Nevada Supreme Court answers the certified question imposes a hardship on both parties. There would be an equal hardship on all parties in terms of resources expended in briefing summary judgment motions if the Court did not stay this litigation. By staying this case,

the Court will prevent unnecessary or premature briefing and avoid this needless expenditure for all parties.

### 3. Orderly Course of Justice

The certified question regarding notice pending in front of the Nevada Supreme Court has the potential to substantially affect the issues in this case. Without a stay, the parties will likely expend resources on briefing issues that may be unnecessary once the certified question is answered. A stay could also avoid a likely appeal from any judgment in this case at this early stage. A temporary stay would substantially promote the orderly course of justice in this case and would avoid the parties filing various motions related to the split panel's decision in Bourne Valley.

## II. CONCLUSION

Under this circumstance, the Landis factors weigh strongly in favor of staying this action pending the resolution of the certified question. Indeed, the possible prejudice to the parties is minimal as discovery is closed, and the only items remain due are dispositive motion. In that regard, the only potential harm is that the parties may wait longer for resolution of this case if the case is stayed. However, if the stay is not entered into, a delay would also result from any motions for reconsideration or appeals that may be necessitated pending the outcome of the certified question. Accordingly, a stay is not likely to appreciably lengthen the life of this case. Further, in the absence of a stay, judicial resources may be unnecessarily expended to resolve issues which may ultimately be decided by higher courts. To save parties from the need to invest resources briefing the effect of Bourne Valley, this Court should enter a stay. A stay minimizes damage without significant hardship and would promote the orderly course of justice.

///
///
///
///
///
///

Therefore, SFR respectfully requests that this Honorable Court enter an order staying this matter pending final resolution of the Certified Question regarding notice presented to the Nevada Supreme Court.

DATED this  9th  day of November, 2017.

**KIM GILBERT EBRON**

By: */s/ Karen L. Hanks*
DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
E-Mail: diana@kgelegal.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-Mail: jackie@kgelegal.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-Mail: karen@kgelegal.com
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139-5974
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorney for Defendant,*
*SFR Investments Pool 1, LLC*

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge
DATED this 14th day of November, 2017.

# CERTIFICATE OF SERVICE

I hereby certify that on the __9th__ day of November, 2017, pursuant to FRCP 5(b)(2)(E), I caused service of a true and correct copy of the foregoing **MOTION TO STAY CASE** to be made electronically via the U.S. District Court's Case Management/Electronic Case Files (CM/ECF) system upon the following parties at the e-mail addresses listed below:

Abran E. Vigil, Esq.
Sylvia O. Semper, Esq.
Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
E-Mail: vigila@ballardspahr.com
　　　　sempers@ballardspahr.com
*Attorney for Plaintiff,*
*Wells Fargo Bank, NA, as Trustee, on Behalf of the Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding, Trust 2007-AR5, Mortgage Pass Through Certificates, Series 2007-AR5*

James W. Pengilly
Pengilly Law Firm
1995 Village Center Cir., Ste 190
Las Vegas, Nevada 89134
*Attorneys for Silverstone Ranch Community Association*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Karen L. Hanks*
　　　　　　　　　　　　　　　　　　　　　　　An employee of
　　　　　　　　　　　　　　　　　　　　　　　KIM GILBERT EBRON